***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with minor modifications the Decision and Deputy Commissioner.
 ***********
The following documents were introduced into evidence as:
 EXHIBITS
1. Defendant's Exhibit 1: Grievance documents.
2. Defendant's Exhibit 2: Incident report and witness statements.
3. Plaintiff's Exhibit 1: NCDOC Activity Restrictions form dated May 24, 2001.
4. Plaintiff's Exhibit 2: Plaintiff's medical records. *Page 2 
 *********** ISSUE
Whether Defendant's employees were negligent when Plaintiff was: a) injured when he fell down some steps and then transported on a blanket following the fall; and b) allegedly denied medical treatment following the incident.
 ***********
The competent and compelling evidence of record engenders the following:
 FINDINGS OF FACT
1. On June 30, 2002, Plaintiff was incarcerated at Pasquotank Correctional Institution. He had been at that prison since June 13, 2002.
2. On the night of June 30, 2002, Plaintiff was to be taken to disciplinary segregation. He gathered his belongings in four bags and wrapped them in a blanket to carry them with him. Two of the bags contained books, and the other two contained Plaintiff's personal property, such as toiletries. Plaintiff estimated the total weight of the items exceeded fifty pounds.
3. Plaintiff was accompanied to disciplinary segregation by Correctional Officers Mitchell and Hewitt. Plaintiff told the Correctional Officers he was restricted from carrying more than fifty pounds because of the condition of his left knee, on which he had had arthroscopic surgery in 1997. Plaintiff also told the officers that because of his left knee condition he could not take the stairs while carrying his property, and he asked to use the elevator to go down to the lower level, where the disciplinary segregation cell block was located.
4. The Correctional Officers responded by requiring Plaintiff to carry his own load and that he would have to use the stairs. Plaintiff asked to speak with Sgt. Martin, who *Page 3 
confirmed these orders.
5. Plaintiff failed to present the officers with a DC-490 form, a form that documents activity restrictions. Inmates with restrictions are required to carry the form to demonstrate restrictions when required by Defendant's employees.
6. The DC-490 form Plaintiff introduced into evidence expired on May 24, 2002, before Plaintiff arrived at Pasquotank. The form indicated Plaintiff was; a) limited to pushing and pulling fifty pounds or less with no lifting restriction; and b) limited to climbing no more than two flights of stairs at one time.
7. Plaintiff alleges that at approximately 12:05 a.m. on July 1, 2002, he was going down the stairs with his hands cuffed in front of him. His hands were not secured to his waist and he was in no further restraints. He was descending the stairs alternating steps rather than descending them one at a time. Escorting officers trailed the Plaintiff's descent.
8. Plaintiff testified that his left knee buckled, causing him to fall down several steps. Plaintiff alleges that he hurt his back and aggravated his left knee condition in the alleged fall.
9. After Plaintiff fell, supervisors were called to the scene. Plaintiff complained of back and left knee pain and requested medical treatment, but there was no medical staff at the prison at that time of night.
10. Because Plaintiff reported that he was in too much pain to move himself, Captain DeLoatch ordered that Plaintiff be moved the rest of the way to disciplinary segregation via four officers dragging him on a blanket. Four officers lifted Plaintiff onto a blanket and then slid the blanket along the floor until they reached Plaintiff's cell, whereupon they placed Plaintiff on a mattress on the floor. *Page 4 
11. Based on a phone conversation with a prison nurse and the non-emergency nature of Plaintiff s alleged injuries, Captain DeLoatch decided that Plaintiff did not need to go the hospital emergency room that night.
12. The next morning, on July 1, 2002, Plaintiff was examined by a nurse for his alleged injuries.
13. Plaintiff contends that he had no back symptoms prior to his alleged fall on July 1, 2002, and that he now has continuous low back pain. He also contends that the fall aggravated his left knee condition.
14. Plaintiff's medical records reveal numerous sick calls for his back and left knee since July 1, 2002, and he has received extensive medical attention for those conditions. There is no medical evidence in the record that the alleged fall caused an aggravation of Plaintiff's left knee symptoms or that the alleged fall or being dragged on the blanket caused Plaintiff's back symptoms.
15. The decision to have Plaintiff take the stairs instead of the elevator was reasonable given Plaintiff's failure to present a current physical restrictions form to the escorting officers.
16. Because Plaintiff was not shackled with his arms secured to his waist, it was not a breach of the duty of reasonable care for the Officers to be behind him rather than in front of him as he descended the stairs.
17. Under the circumstances, Corrections Officers were reasonable in moving Plaintiff using the blanket after his alleged fall. Further, Plaintiff has not shown that he sustained any injury as a result of being moved in this fashion.
18. Plaintiff received medical attention as soon as a prison nurse was available, and *Page 5 
the decision not to send him to a hospital emergency room was reasonable, given the nature of the alleged injuries that Plaintiff complained of. Thus, Plaintiff has not shown that he was negligently denied medical treatment.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that Plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. In the case at bar, Plaintiff failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in causing injury to Plaintiff on July 1, 2002. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff's claim must, under the law, be and hereby is DENIED and DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs. Because Plaintiff was allowed to proceed in forma pauperis, he shall not be assessed any costs.
S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 6 
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1